# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

|  |  |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR ORION BANK OF NAPLES, FLORIDA'S, *et al*., )<br><br>Defendants. ) | Civil Action No. 2:13-cv-00737 – SPC-UAM<br><br>**DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR ORION BANK OF NAPLES, FLORIDA'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendant Federal Deposit Insurance Corporation as Receiver for Orion Bank of Naples, Florida ("FDIC-R") answers the Complaint for Declaratory Judgment filed by Plaintiff Progressive Casualty Insurance Company ("Progressive") as follows:

## NATURE OF THE ACTION

1.      FDIC-R admits that Progressive sold a Directors & Officers/Company Liability Insurance Policy for Financial Institutions policy (the "Policy") to Orion Bank of Naples, Florida ("Orion" or the "Bank").  FDIC-R further admits that FDIC-R was appointed receiver after the Bank's failure.  FDIC-R further admits that FDIC-R filed the underlying lawsuit captioned *Federal Deposit Insurance Corp. v. James Aultman, et al.*, No. 2:13-cv-00058-SPC-UAM (M.D. Fla.) (the "Aultman Action").   Upon information and belief, FDIC-R believes the D&O Defendants have sought coverage for the Aultman Action from Progressive.  FDIC-R denies that Progressive accurately describes the Aultman Action and refers the Court to the Complaint in the Aultman Action for the statements, representations, and/or demands contained in the Aultman Complaint.  FDIC-R admits that Progressive has filed an action for a declaratory judgment seeking a declaration that there is no coverage under the Policy for the Aultman Action, but

denies that Progressive is entitled to any such relief and denies that the Aultman Action is excluded from coverage under the Policy.  FDIC-R admits that Progressive has attached as Exhibit 1 to the Complaint what Progressive claims to be the "Policy" but FDIC-R lacks sufficient information to admit or deny this allegation.  FDIC-R admits Exhibit 2 is a copy of the Complaint in the Aultman Action.  To the extent any further response is required, FDIC-R denies the allegations set forth in paragraph 1.

## PARTIES

2.      FDIC-R admits the allegations contained in paragraph 2 of the Complaint.

3.      FDIC-R admits the allegations contained in the first, second, and third sentences in paragraph 3 of the Complaint.  FDIC-R lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth sentence of paragraph 3 of the Complaint, as the allegation is a characterization of Progressive's conduct.  All other allegations are denied.

4.      FDIC-R admits the allegations contained in paragraph 4 of the Complaint.

5.      FDIC-R admits the allegations contained in paragraph 5 of the Complaint.

6.      FDIC-R admits the allegations contained in paragraph 6 of the Complaint.

7.      FDIC-R admits the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      FDIC-R admits that this action presents issues which arise under the laws of the United States.  Based on 12 U.S.C. § 1821(d)(13)(D) and/or (j), FDIC-R denies that this Court has proper jurisdiction over this matter.

9.      FDIC-R admits the allegations contained in paragraph 9 of the Complaint.

10.     The first sentence of paragraph 10 contains characterizations of Progressive's actions and requires no response.  FDIC-R admits there is a dispute between the parties relating to coverage afforded by Progressive for the Aultman Action.  All other allegations are denied.

## FACTUAL ALLEGATIONS

### The Policy

11.     FDIC-R admits that Progressive sold a policy to Orion and further admits that Progressive has attached as Exhibit A to the Complaint what Progressive claims to be the "Policy," but FDIC-R lacks sufficient information to admit or deny this allegation.

12.     FDIC-R lacks sufficient information to admit or deny the allegations of paragraph 12.

13.     FDIC-R admits that Progressive selectively quotes from Section I.A of the Policy and refers the Court to the Policy for a complete and accurate description of coverage. FDIC-R denies that Progressive accurately and/or completely describes the Policy or the coverage thereunder. To the extent that any additional response is required, FDIC-R denies the allegations contained in paragraph 13.

14.     FDIC-R admits that under Exhibit A to the Complaint, the definition of an "Insured" includes Insured Persons which, in turn, includes Directors or Officers. FDIC-R refers to the Policy for a complete and accurate description of the coverage.

15.     FDIC-R lacks sufficient information or knowledge to admit or deny the allegation in paragraph 15.

16.     FDIC-R lacks sufficient information or knowledge to admit or deny the allegations of paragraph 16.

17.     FDIC-R admits that Progressive quotes a part of the Policy and refers the Court to the Policy for a complete and accurate description of the coverage. FDIC-R lacks sufficient information or knowledge about the terms of the Policy to admit or deny the remaining allegations.

18.     FDIC-R admits that Progressive quotes a part of the Policy and refers the Court to the Policy for a complete and accurate description of the coverage. FDIC-R lacks sufficient information or knowledge about the terms of the Policy to admit or deny the remaining allegations.

19.     FDIC-R admits that Progressive selectively quotes a part of the Policy and refers the Court to the Policy for a complete and accurate description of the coverage.  FDIC-R lacks sufficient information or knowledge about the terms of the Policy to admit or deny the remaining allegations.

### The FDIC-R's Letters

20.     FDIC-R admits that FDIC-R sent letters to former Directors and refers the Court to the letters for a full statement of the content.

21.     FDIC-R refers the Court to the letters for a complete and accurate statement of the allegations, and denies the remaining allegations.

22.     FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters, but denies this is a complete statement and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

23.     FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters, but denies this is a complete statement and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

24.     FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

25.     FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters, but denies this is a complete statement and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

26.     FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters, but denies this is a complete statement and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

27.     FDIC-R refers the Court to the letter for a complete and accurate statement of the allegations, and denies the remaining allegations.

28.    FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters, but denies this is a complete statement and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

29.    FDIC-R admits Progressive selectively quotes from one of the FDIC-R's letters, but denies this is a complete statement and refers the Court to the letter for a complete statement of the allegations, and denies the remaining allegations.

### The Aultman Action

30.    FDIC-R admits Exhibit 2 is a copy of the Complaint in the Aultman Action, and that Progressive selectively quotes from the Complaint in the Aultman Action, but denies these are complete statements and refers the Court to the full Complaint in the Aultman Action for a complete statement of the allegations, and denies the remaining allegations.

31.    FDIC-R admits Progressive selectively quotes from the Complaint in the Aultman Action, but denies Progressive properly describes the FDIC's capacities and refers the Court to the full Complaint in the Aultman Action and the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") for a full statement of the capacity in which FDIC-R sues.

32.    FDIC-R admits Progressive selectively quotes from the Complaint in the Aultman Action, but denies this is a complete statement and refers the Court to the full Complaint in the Aultman Action for a complete statement of the allegations, and denies the remaining allegations.

33.    FDIC-R admits Progressive selectively quotes from the Complaint in the Aultman Action, but denies this is a complete statement and refers the Court to the full Complaint in the Aultman Action for a complete statement of the allegations, and denies the remaining allegations.

34.    FDIC-R admits Progressive selectively quotes from the Complaint in the Aultman Action, but denies this is a complete statement and refers the Court to the full Complaint in the Aultman Action for a complete statement of the allegations, and denies the remaining allegations.

35.     FDIC-R admits Progressive selectively quotes from the Complaint in the Aultman Action, but denies this is a complete statement and refers the Court to the full Complaint in the Aultman Action for a complete statement of the allegations, and denies the remaining allegations.

36.     FDIC-R refers the Court to the full Complaint in the Aultman Action for a complete and accurate statement of FDIC-R's claim, and denies the remaining allegations.

37.     Admits that the D&O Defendants deny the allegations in the Aultman Action.

## COUNT I

38.     FDIC-R adopts and realleges its responses to paragraphs 1 through 37 of this Complaint.

39.     FDIC-R admits that Progressive quotes from § V.J, the Insured v. Insured Exclusion in the Policy, but denies that Progressive accurately and/or completely describes the coverage under the Policy and denies that the exclusion precludes coverage.

40.     Admitted.

41.     Admitted.

42.     FDIC-R admits Progressive selectively quotes from a portion of the Complaint in the Aultman Action, but denies Progressive properly describes the FDIC's capacities and refers the Court to the full Complaint in the Aultman Action and FIRREA for a full statement of the capacity in which FDIC-R sues.

43.     FDIC-R admits that Progressive selectively quotes from a portion of the Complaint in the Aultman Action, but denies Progressive accurately or completely describes the Complaint in the Aultman Action.

44.     FDIC-R refers the Court to the Complaint in the Aultman Action for a complete and accurate statement of the allegations, and denies the remaining allegations.

45.     Denied.

46.     Denied.

47.     Denied.

48.     FDIC-R admits that there is a dispute between the Parties related to coverage afforded by Progressive for the Aultman Action.  All other allegations are denied.

49.     Paragraph 49 is a characterization of Progressive's action to which no response is required.  To the extent any response is required, FDIC-R denies the allegations contained in paragraph 49 and states that Progressive is not entitled to any relief and that Progressive's Count I fails to state a claim upon which relief may be granted.

## COUNT II

50.     FDIC-R adopts and realleges its responses to paragraphs 1 through 49 of the Complaint.

51.     Denied.

52.     FDIC-R admits that Progressive selectively quotes from the definition of "Loss" in the Policy, but denies that Progressive accurately or completely describes the coverage under the Policy and denies that the definition precludes coverage.

53.     FDIC-R admits Progressive selectively quotes from a portion of the Complaint in the Aultman Action, but denies this is a complete statement and refers the Court to the full Complaint in the Aultman Action for a complete statement of the allegations, and denies the remaining allegations.

54.     Denied.

55.     Denied.

56.     FDIC-R admits that there is a dispute between the parties related to coverage afforded by Progressive for the Aultman Action.  All other allegations are denied.

57.     Paragraph 57 is a characterization of Progressive's action to which no response is required.  To the extent any response is required, FDIC-R denies the allegations contained in paragraph 57 and states that Progressive is not entitled to any relief and that Progressive's Count II fails to state a claim upon which relief may be granted.

## COUNT III

**Reservation of Rights**

58.     FDIC-R adopts and realleges its responses to paragraphs 1 through 57 of the Complaint.

59.     FDIC-R admits that Progressive refers to the Policy, but denies that Progressive accurately and/or completely describes the coverage under the Policy and denies that the Policy precludes coverage.

60.     FDIC-R admits that Progressive quotes from § III.B, Discovery Period, in the Policy, but denies that Progressive accurately and/or completely describes the coverage under the Policy and denies that the Policy precludes coverage.

61.     Denied.

62.     Denied.

63.     FDIC-R admits that there is a dispute between the parties related to coverage afforded by Progressive for the Aultman Action.  All other allegations are denied.

64.     Paragraph 64 is a characterization of Progressive's action to which no response is required.  To the extent any response is required, FDIC-R denies the allegations contained in paragraph 64 and states that Progressive is not entitled to any relief and that Progressive's Count III fails to state a claim upon which relief may be granted.

**COUNT IV**

65.     FDIC-R adopts and realleges its responses to paragraphs 1 through 64 of the Complaint.

66.     Paragraph 66 is a characterization of Progressive's action to which no response is required.  To the extent any response is required, FDIC-R denies the allegations contained in paragraph 66 and states that Progressive is not entitled to any relief and that Progressive's Count IV fails to state a claim upon which relief may be granted.

**PRAYER FOR RELIEF**

FDIC-R denies the allegations contained in the Prayer for Relief section of the Complaint.  FDIC-R further denies that Progressive is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks subject matter jurisdiction over Progressive's claims against FDIC-R pursuant to 12 U.S.C. § 1821(d)(13)(D) and/or (j).

### Second Affirmative Defense

Progressive's Complaint fails to state a claim upon which any relief may be granted.

### Third Affirmative Defense

Progressive is estopped from asserting the relief sought.

### Fourth Affirmative Defense

Progressive's claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Progressive's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

Progressive's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

The claims asserted by FDIC-R against the D&O Defendants are covered by the Policy, and no exclusions apply.

### Eighth Affirmative Defense

Based upon the terms, provisions and conditions of the Policy, Progressive is not entitled to the relief requested in the Complaint.

### Ninth Affirmative Defense

Progressive is barred from the relief requested based on the fact that it breached its contract with the insureds.

### Tenth Affirmative Defense

Progressive is barred from relief sought in the Complaint based on the ground that it has breached the implied covenants of good faith and fair dealing in the Policy sold to the Bank.

### Eleventh Affirmative Defense

Progressive's claims are barred from relief on the ground that Progressive would be unjustly enriched by a declaration of this Court that there is no coverage.

### Twelfth Affirmative Defense

Progressive's representations in its marketing materials, regulatory filings, and/or to the purchasers of the Policy, or in the marketplace, about the scope of its coverage estop or bar Progressive from asserting no coverage exists.

### Thirteenth Affirmative Defense

A determination of the nature of the "Loss" as defined in the Policy, in relation to FDIC-R's claims, is premature because there has been no settlement or judgment with respect to FDIC-R's claims.

### Fourteenth Affirmative Defense

FDIC-R reserves its right to amend this Answer, to assert additional affirmative defenses, and to supplement, alter, or change this Answer and these defenses upon revelation of more definitive facts, and/or upon discovery and investigation in this matter.

**WHEREFORE**, FDIC-R respectfully requests that the Court dismiss Progressive's Complaint; enter an order denying all relief requested by Progressive; and award FDIC-R costs, attorneys' fees, and any further and additional relief the Court deems just and appropriate under the circumstances.

### Jury Demand

FDIC-R respectfully requests a jury trial on all issues raised in Progressive's Complaint.

Dated:  December 30, 2013

By  /s Dennis S. Klein
**HUGHES, HUBBARD & REED, LLP**
Dennis S. Klein
Bar Number  0091767
201 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131

Telephone:  (305) 379-5574
klein@hugheshubbard.com

*Attorneys for Federal Deposit Insurance
Corporation as Receiver of Orion National
Bank of Florida*

Of Counsel:
**DICKSTEIN SHAPIRO LLP**
Andrew M. Reidy (*pro hac vice*)
Catherine J. Serafin (*pro hac vice*)
1825 Eye Street, NW
Washington, D.C.  20006
Telephone:  (202) 420-2200
reidya@dicksteinshapiro.com
serafinc@dicksteinshapiro.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of December 2013, I served the foregoing Defendant Federal Deposit Insurance Corporation as Receiver for Orion National Bank of Florida's Answer, Affirmative Defenses and Jury Demand via e-mail and U.S. Mail to the parties identified on the Service List.

By /s Dennis S. Klein
Dennis S. Klein

## Service List

| | |
|---|---|
| Lewis K. Loss | Richard L. Allen |
| Richard W. Boone, Jr. | Solowsky Allen |
| Matthew J. Dendinger | 915 Miami Center |
| Loss, Judge & Ward, LLP | 201 South Biscayne Boulevard |
| Two Lafayette Centre | Miami, Florida  33131 |
| 1133 21st Street, NW | 305-371-2223  (phone) |
| Washington, D.C.  20036 | 305-373-2073  (fax) |
| 202-778-4060  (phone) | rallen@salawmiami.com |
| 202-778-4099  (fax) | |
| lloss@ljwllp.com | |
| rboone@ljwllp.com | |
| mdendinger@ljwllp.com | |